Luminitza SAVA,

v.

**GENERAL ELECTRIC COMPANY.**

No. 5:86CV359 (PCD).

United States District Court,
D. Connecticut.

Jan. 6, 1995.

---

Margaret D. Northrop, Law Offices of Barry J. Boodman, Barry J. Boodman, Stamford, CT, for plaintiff.

Richard J. Sweetnam, John S. McGeeney, Leonard C. Peterson, Bonnie Pierson–Murphy, Paul, Hastings, Janofsky & Walker, Stamford, CT, Susan M. Wright, Burton Kainen, Kainen, Starr, Garfield, Wright & Escalera, Hartford, CT, for defendant.

### RULING ON MOTION FOR SUMMARY JUDGMENT

DORSEY, Chief Judge.

This action, brought pursuant to Title VII of the Civil Rights Act of 1964, alleges the wrongful discharge of plaintiff by the General Electric Company ("GE"). Plaintiff alleges sexual discrimination in the denial of certain terms and conditions of her employment as well as breach of her employment contract. Defendant moves for summary judgment pursuant to Fed.R.Civ.P. 56(c) on all remaining counts.[1]

### I. BACKGROUND

Plaintiff was employed by defendant from January 26, 1975 to August 31, 1983. On July 26, 1981 plaintiff accepted a management position in the International Contractor Equipment Division ("ICED") in GE's Bridgeport office. Between 1981 and 1983, plaintiff was one of two female, level 15 managers and the only female manager in ICED. During this time, ICED's sales dropped between seventeen and eighteen percent each year (Dkt. # 152 at 2). Plaintiff did not receive incentive compensation in either 1981, 1982 or 1983 although other ICED employees did. She did not receive salary increases in 1982 or 1983. In October 1982, plaintiff was scheduled for lack of work layoff and was ultimately laid off in August 1983.

---

1. Partial summary judgment was previously granted by this Court with respect to the Third and Fourth Counts. (Dkt. # 77).

ICED was dissolved in December 1983 (Affidavit of Jess Ball, ¶ 13).

Plaintiff claims that GE's workforce reductions were discriminatory because she was the only management level employee to be discharged. On August 8, 1983 plaintiff filed a complaint with the Equal Employment Opportunity Commission and was issued a right to sue letter on June 4, 1986. On July 28, 1986 plaintiff commenced this suit.

## II. *DISCUSSION*

Summary judgment is appropriate only if the record shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56. The moving party bears the burden of establishing the absence of any genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). When the moving party meets this burden, the adverse party must then set forth specific facts demonstrating that a genuine issue for trial exists. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). In determining whether or not a fact is material, the court will examine the applicable substantive law as "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* at 248, 106 S.Ct. at 2510.

## A. *TITLE VII CLAIM*

■ Plaintiff alleges sexual discrimination in the denial of certain terms and conditions of her employment in violation of Title VII.[2] To establish a prima facie case under Title VII, the plaintiff must demonstrate that: 1) she is a member of a protected class; 2) she was qualified for the job; 3) she was discharged; and 4) her "discharge occurred in circumstances giving rise to an inference of discrimination." *Rosen v. Thornburgh*, 928 F.2d 528, 532 (2d Cir.1991); *Furnco Constr. Corp. v. Waters*, 438 U.S. 567, 577, 98 S.Ct. 2943, 2949–50, 57 L.Ed.2d 957 (1978); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973). Establishing a prima facie case "creates a presumption that the employer unlawfully discriminated against the employee" and shifts the burden to the defendant to articulate a "legitimate, nondiscriminatory reason" for its action. *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 254, 101 S.Ct. 1089, 1094, 67 L.Ed.2d 207 (1981). The employee must then prove that the proffered reasons were not the true reasons for the employment decision, but rather a pretext for discrimination. *St. Mary's Honor Ctr. v. Hicks*, —— U.S. ——, —— – ——, 113 S.Ct. 2742, 2747, 125 L.Ed.2d 407 (U.S.1993). It is not enough to "*dis*believe the employer; the factfinder must *believe* the plaintiff's explanation of intentional discrimination." *Id.* at ——, 113 S.Ct. at 2754 (emphasis in original).

■ Defendant claims plaintiff has failed to establish a prima facie case of discrimination because plaintiff was not replaced; her position was eliminated as part of a general reduction in workforce. Plaintiff alleges she was terminated because of her sex, as she was the only ICED employee laid off for lack of work. A plaintiff claiming "unlawful discrimination in the termination of employment may prevail notwithstanding the fact that his or her job was eliminated as part of a corporate reorganization or reduction in workforce." *Cronin v. Aetna Life Insur. Co.*, 46 F.3d 196, 204 (2d Cir.1995). The fact that the plaintiff was never replaced "may weaken, but certainly does not eliminate, the inference of discrimination." *Meiri v. Dacon*, 759 F.2d 989, 996 (2d Cir.1985).

---

**2.** Title VII, 42 U.S.C. § 2000e–2(a) provides:
It shall be an unlawful employment practice for an employer—(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or

(2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

■ Plaintiff has presented sufficient evidence to establish her prima facie case. She is a member of a protected class and was discharged. The circumstances surrounding her discharge infer discrimination. She was the only ICED employee who was laid off as part of GE's restructuring. ICED's former General Manager, Paul Way, was reassigned within GE when ICED was combined with another unit. (Affidavit of Jess Ball, ¶ 4). In June 1982, Alberto Grinspun, Manager of Overseas Affiliates & Business Development of ICED, was transferred to a different GE department when his position was eliminated (Affidavit of Paul Way, ¶ 12). When ICED was dissolved in December 1983, Charles Kanach, Manager Operational Planning of ICED, continued to work for GE in a different capacity (Affidavit of Charles Kanach, ¶ 11) as did Jess Ball, General Manager of ICED (Affidavit of Jess Ball, ¶ 13).

Defendant denies plaintiff was qualified for other positions within GE, yet its performance appraisal for the period August 1981 through January 1982 suggests plaintiff's work overall was excellent (Deposition of Luminitza Sava, Feb. 17, 1987 at 93)[3]. She was highly recommended by her previous managers and was rated among the highest potential minorities and females (Defendant's Statement of Material Facts (Dkt. # 151), ¶ 4). During 1981, plaintiff was granted two salary increases. (*Id.* at ¶ 10). Plaintiff has established her prima facie case and defendant's motion for summary judgment on Count One is denied.

■ Defendant claims it is entitled to summary judgment because even if a prima facie case is established, plaintiff has not proven that its legitimate nondiscriminatory reason for dismissing her, a reduction in workforce, was pretextual. To raise a triable issue of pretext, a plaintiff need not show that sex was the only reason for termination, nor that the defendant's proffered reason

was false. *Montana v. First Federal Savings & Loan Asso.*, 869 F.2d 100, 105 (2d Cir.1989). Rather, the plaintiff must show that the offered reasons for discharge were not defendant's only reasons and that sex was a determinative factor. *Hagelthorn v. Kennecott Corp.*, 710 F.2d 76, 82 (2d Cir. 1983). The circumstances attendant upon plaintiff's discharge provide a basis for plaintiff to challenge GE's proffered explanation. Specifically, plaintiff was the only employee laid off as part of the alleged reduction in workforce. Despite ICED's decision to downsize and its alleged losses, two males were hired in 1982. (Plaintiff's Affidavit (Dkt. # 158), ¶ 76(e)). Plaintiff did not receive salary increases in either 1982 or 1983 due to "adverse business conditions," however, four male ICED employees received increases in 1982 and six male ICED employees received increases in 1983 (Dkt. # 158, ¶¶ 76–77). Viewed together, these circumstances create a genuine factual issue as to whether GE's stated reason for terminating plaintiff was pretextual and whether sex was a factor in GE's decision to terminate plaintiff. Summary judgment is, therefore, inappropriate.

### B. *BREACH OF CONTRACT CLAIM*

■ In Count Two, plaintiff claims defendant breached its employment agreement when it discharged her. A contract was created, according to plaintiff, by statements made in defendant's personnel manual and in GE's policy statement[4]. Plaintiff has presented no evidence regarding the existence of defendant's personnel manual. Nor does defendant's policy statement form the basis of an employment contract. Although such statements may provide the basis of an employment contract, "traditional contractual requirements must be met" and the "alleged contractual language must be specific." *Sivell v. Conwed Corp.*, 666 F.Supp. 23, 26–27

---

3. Defendant's review stated certain areas required attention as plaintiff appeared to be "very preoccupied" with her performance, "openly questioned or disagreed with her management during meetings with others," and was "harsh with the help in social situations." (Defendant's Statement of Material Facts, ¶ 36).

4. The policy statement stated that it was GE's policy "to provide employment, training, compensation, promotion and other conditions of employment without regard to race, color, religion, national origin, sex or age (except where a person's sex or age are essential bona fide occupational qualifications)." (Plaintiff's Exh. A).

(D.Conn.1987). Plaintiff has not demonstrated that the policy statement was intended to establish definite contractual obligations nor that she relied on the purported obligation. Thus, plaintiff cannot prevail on this claim.

■ Plaintiff also claims defendant breached an implied-in-fact agreement when it terminated her employment. A contract was created, according to plaintiff, through Mr. Curley, Vice President of the Contractor Equipment Business Group ("CEBG"). His comments were that her career growth was only limited by her "imagination and [ ] willingness to work;" that he felt she would make "a real contribution to the growth of ICED;" and that if she did "a good job" she would receive incentive compensation. Such statements are not, as a matter of law, sufficiently definite to create an implied-in-fact contract that plaintiff would not be terminated. *See Neuharth v. Conn. Inst. For The Blind,* No. 42975, 1991 WL 35616, at *1–*2 (Conn.Super.Ct. Mar. 8, 1991). It cannot be said that such comments rise to the level of a contract between plaintiff and defendant that plaintiff would not be terminated. Having failed to demonstrate the existence of contractual obligations, plaintiff's claim on this ground must fail.

### III.  CONCLUSION

For the foregoing reasons, defendant's Motion For Summary Judgment (Dkt. # 150) on Count One is *denied* and the Motion For Summary Judgment on Count Two is *granted.*

SO ORDERED.